No. 25-8006

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

---

JOSHUA GLASSCOCK, on behalf of himself and all others similarly situated,

*Plaintiff-Respondent,*

v.

SIG SAUER, INC.,

*Defendant-Petitioner.*

---

On Petition for Permission to Appeal from the United States District Court for the Western District of Missouri (Southern Division) Case No. 6:22-cv-03095-MDH | Hon. M. Douglas Harpool

---

**DEFENDANT-PETITIONER SIG SAUER, INC.'S
OPPOSITION TO THIRD-PARTY INTERVENOR TRACE MEDIA,
INC.'S MOTION TO INTERVENE**

---

| | | |
|---|---|---|
| Colleen Michelle Gulliver<br>**DLA PIPER LLP (US)**<br>1251 Avenue of the Americas<br>New York, NY 10020<br>212-335-4500 | Cara Rose<br>**FRANKE SCHULTZ & MULLEN, P.C.**<br>1919 E. Battlefield, Suite B<br>Springfield, MO 65804<br>417-863-0040 | Robert L. Joyce<br>B. Keith Gibson<br>**LITTLETON JOYCE UGHETTA & KELLY LLP**<br>4 Manhattanville Road, Suite 202<br>Purchase, NY 10577<br>914-417-3400 |

*Attorneys for Defendant-Petitioner Sig Sauer, Inc.*

August 25, 2025

# TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................... 1

BACKGROUND ...................................................................................... 3

    I.    Sig Sauer's MHS Contract with the U.S. Army and the FMECA. ............................................................................... 3

    II.   The FMECA Was Produced in The Underlying District Court Action and Designated as Highly Confidential. ........... 5

    III.  Trace's Motion to Intervene in the District Court Action and Sig Sauer's Diligent Efforts to Narrow the Issues. ................................................................................. 6

    IV.  A Party in Another Action Violated a Court Order Protecting the FMECA Spreadsheet. ................................. 10

    V.   Sig Sauer Has Further Conversations with the Army Over its Position on the FMECA Documents. ...................... 11

ARGUMENT .......................................................................................... 12

    I.    Trace's Motion to Intervene Is Duplicative. ......................... 12

    II.   Trace's Attempt to Unseal References to the FMECA Should Be Denied. .............................................................. 13

        A.   Trace Has Not Proven It Has Standing to Intervene. ................................................................. 13

        B.   The Army Should Be Afforded the Opportunity to Opine on the Propriety of the Public Release of the FMECA Documents and Documents Referencing Them. ......................................................... 17

CONCLUSION ...................................................................................... 25

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Safety Cas. Ins. Co. v. City of Waukegan, Ill.*,
    678 F.3d 475 (7th Cir. 2012) .............................................................. 21

*Biovant, LLC v. Wassenaar*,
    2024 WL 894959 (E.D. Mo. Mar. 1, 2024) ......................................... 18

*Blakley v. Schlumberger Tech. Corp.*,
    648 F.3d 921 (8th Cir. 2011) ......................................................... 1, 12

*Colo. River Water Conservation Dist. v. United States*,
    424 U.S. 800 (1976) ............................................................................ 13

*Dobson v. Comm'r of Soc. Sec.*,
    2014 WL 1909363 (S.D.N.Y. May 12, 2014) ...................................... 21

*DoseLogix, LLC v. Reflex Med. Corp.*,
    2023 WL 8005749 (D. Minn. Nov. 17, 2023) ..................................... 18

*Faulk v. Gen. Elec. Co.*,
    2024 WL 3009315 (C.D. Cal. May 14, 2024) ..................................... 19

*Flynt v. Lombardi*,
    885 F.3d 508 (8th Cir. 2018) .............................................................. 22

*Foster v. Day & Zimmermann, Inc.*,
    502 F.2d 867 (8th Cir. 1974) .............................................................. 24

*Glasscock v. Sig Sauer*,
    No. 6:22-cv-03095-MDH (W.D. Mo. 2022) ......................................... 1

*Harris v. Kellog, Brown & Root Servs., Inc.*,
    618 F. Supp. 2d 400 (W.D. Pa. 2009) ................................................ 19

*IDT Corp. v. eBay*,
    709 F.3d 1220 (8th Cir. 2013) ..................................................... 18, 22

ii

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ............................................................ 14

*Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*,
   34 F. Supp. 3d 1038 (D. Minn. 2021) ........................................ 22, 23

*Nat'l Parks Conservation Ass'n v. E.P.A.*,
   759 F.3d 969 (8th Cir. 2014) ................................................ 13

*Perkins v. United States*,
   2024 WL 707682 (W.D. Wash. Feb. 21, 2024) ....................... 5, 20, 21

*Reps. Comm. for Freedom of Press v. United States*,
   94 F.4th 746 (8th Cir. 2024) ....................................... *passim*

*Ritchie Cap. Mgmt., L.L.C. v. BMO Harris Bank, N.A.*,
   868 F.3d 661 (8th Cir. 2017) ............................................. 12, 13

*Seidl v. Am. Century Cos.*,
   799 F.3d 983 (8th Cir. 2015) ............................................. 17, 18

*Sig Sauer, Inc. v. Jeffrey S. Bagnell*, Esq., LLC, No. 22-CV-
   00885 (D. Conn.) ........................................................ 10, 20

*Simon v. United States*,
   2017 WL 10541426 (D. Colo. Sept. 13, 2017) ................................ 3, 21

*Taylor v. Kellog Brown & Root Servs., Inc.*,
   2009 WL 10689733 (E.D. Va. Dec. 18, 2009) .................... 18, 19, 20, 24

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021) ......................................................... 15

*United States v. Metro. St. Louis Sewer Dist.*,
   569 F.3d 829 (8th Cir. 2009) ............................................... 14

*Uzuegbunam v. Preczewski*,
   592 U.S. 279 (2021) ......................................................... 14

*Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*,
   898 F.2d 1371 (8th Cir. 1990) ............................................. 22

iii

*Williams v. United States*,
116 Fed. Cl. 149 (2014) ........................................................ 24

*Winter v. Nat. Res. Def. Council, Inc.*,
555 U.S. 7 (2008) ................................................................. 23

*Wronke v. Marsh*,
787 F.2d 1569 (Fed. Cir. 1986) ......................................... 24

**Rules**

Fed. R. Civ. P. 23(f) ................................................................ 9

Fed. R. Civ. P. 24 .................................................................. 14

**Other Authorities**

Congressional Research Service, *The Army's Modular
Handgun Procurement* (June 19, 2018),
https://www.congress.gov/crs_external_products/IF/PDF/I
F10911/IF10911.2.pdf ........................................................ 3

Appellate Case: 25-8006    Page: 5    Date Filed: 08/25/2025 Entry ID: 5551118

## INTRODUCTION

Petitioner Sig Sauer, Inc. ("Sig Sauer"), respectfully asks this Court to deny third-party Intervenor Trace Media, Inc.'s ("Trace") Motion to Intervene for the Limited Purpose of Opposing Defendant-Petitioner Sig Sauer's Motion to File Sealed Appendix and Plaintiff-Respondent's Motion for Leave to File Under Seal ("Motion to Intervene" or "Mot.").  As detailed below, Trace's Motion to Intervene is duplicative of its first-filed motion in the District Court action, Trace does not have standing, and the United States Army ("Army") has a compelling interest in military secrets and should be given an opportunity to participate to protect confidential documents that relate to its contract with Sig Sauer.

*First*, Trace first filed its motion to intervene in the District Court, where Trace seeks the exact same relief it seeks here—to unseal the FMECA Documents.  *See Glasscock v. Sig Sauer*, No. 6:22-cv-03095-MDH, Dkt. 181, July 17, 2025 ("Trace's District Court Motion").  Because the same issue is currently being briefed by Trace and Sig Sauer in the District Court, any action by this Court would be duplicative and result in an unnecessary expending of judicial resources.  *See Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 932 (8th Cir. 2011) (holding that

"a [party] 'should not be' allowed 'to litigate the same issue at the same time in more than one federal court'").

*Second*, the Court should deny Trace's Motion to Intervene because it does not have Article III standing. Under this Court's binding precedent, in order to show standing, the media must have a concrete and imminent need for specific information, which Trace cannot show. Here, Trace only asserts that the public is interested in this litigation and the FMECA,[1] which falls woefully short of Trace's burden of showing that Trace itself personally suffered a concrete injury since it can only point to past reporting.

*Finally*, as explained in the Declaration of Eric R. Finkelman dated August 25, 2025 ("Finkelman Decl."), Sig Sauer has always understood that the two FMECA Documents were designated for protection from disclosure to the public as they were contractual requirements of Sig Sauer's contract with the Army. Finkelman Decl. ¶ 3; *id.* Ex. 1 ¶ 2. Despite Trace's arguments that the FEMCA has been discussed online

---

[1] Trace's motion targets the Failure Modes, Effects, and Criticality Analysis ("FMECA") performed by Sig Sauer at the request of the Army. The FMECA consists of a memorandum (Dkt. 128-14 ("FMECA Memorandum")) and a spreadsheet (Dkt. 128-13 ("FMECA Spreadsheet")) (collectively the "FMECA" or "FMECA Documents").

Appellate Case: 25-8006    Page: 7    Date Filed: 08/25/2025 Entry ID: 5551118

and by a Sig Sauer employee (Mot. at 5-8), it is the Army's decision—not Sig Sauer's—to publicly release the FMECA Documents. Therefore, the Army should be given an opportunity and time to opine as to the propriety of these documents being made public. *Cf. Simon v. United States*, 2017 WL 10541426, at *1 (D. Colo. Sept. 13, 2017) (noting that the "multi-layered review process" of government agencies "likely will take a significant amount of time to complete."). The general interest in court filings being public should be considered against whether there is a national security interest that is implicated and needs to be protected.

## **BACKGROUND**

### I. **Sig Sauer's MHS Contract with the U.S. Army and the FMECA.**

As noted in the Motion to Seal, Sig Sauer was awarded the Army's modular handgun system contract ("MHS Contract") in January 2017[2] whereby Sig Sauer would design and manufacture a version of a P320 for the Army.[3] The Army required Sig Sauer to prepare the FMECA as a

---

[2] While this factual background provides some of the information already contained in Sig Sauer's Motion to Seal filed on August 11, 2025 ("Motion to Seal"), it is included to provide context regarding the significance of the FMECA Documents that form the basis of Trace's Motion to Intervene.

[3] *See* Congressional Research Service, *The Army's Modular Handgun Procurement* (June 19, 2018),

3

contractually required deliverable under the MHS Contract, which was provided to the Army. Finkelman Decl., Ex. 1 ¶ 2.

"The FMECA identifies potential failures in all pistol platforms, analyzes the risks of those failures, and details the design decisions taken by Sig Sauer's engineering team [for MHS pistols] to mitigate or eliminate those risks." *Id.,* Ex. 1 ¶ 3. The engineering decisions made therein were specific to the requirements of the MHS Contract Pistols established by the Army. *Id.*, Ex. 1 ¶ 4.

The Department of Defense ("DoD") utilizes the DoD Instruction 5230.24 distribution statement on technical information to establish a standard framework for "safeguarding" "technical information" in accordance with "national and operational security, privacy, records management, intellectual property, Federal procurement, and export-control policies, regulations, and laws." Finkelman Decl., Ex. 1, Ex. A at 1 . For the purposes of DoDI 5230.24, "technical information" broadly includes:

> "[T]echnical data … of any kind that can be used or adapted for use in the design, production, manufacture, assembly, repair, … engineering, development, operation, maintenance,

https://www.congress.gov/crs_external_products/IF/PDF/IF10911/IF109 11.2.pdf.

adapting, testing, or reconstruction of goods or materiel … in an area of significant military applicability in the United States."  Further, "the data may be in tangible form, such as a blueprint, photograph, plan, instruction, or an operating manual."  According to DODI 5230.24, examples of technical data include "engineering drawings, and associated lists; specifications; standards; process sheets; manuals; technical reports; technical orders; catalog-item identifications … and related information."

*See Perkins v. United States*, 2024 WL 707682, at *2 n.1 (W.D. Wash. Feb. 21, 2024) (citation omitted).

## II.    The FMECA Was Produced in The Underlying District Court Action and Designated as Highly Confidential.

In the District Court action, on September 10, 2024, Sig Sauer produced the two FMECA Documents, marking them "HIGHLY CONFIDENTIAL" per the Stipulated Protective Order dated October 11, 2022 based on the belief that the Army had protected the documents and did not want them to be available to the public.  Dkt. 38.[4]  Finkelman Decl. ¶¶ 3-5.

---

[4] Sig Sauer designated both FMECA Documents as "Highly Confidential."  The FMECA Memorandum is marked "Highly Confidential" in the bottom-left corner of the document (ECF No. 121-14). The FMECA Spreadsheet is marked "Highly Confidential" in the file name rather than on the document itself, as it is a native Excel file.

## III. Trace's Motion to Intervene in the District Court Action and Sig Sauer's Diligent Efforts to Narrow the Issues.

As outlined in detail in the Motion to Seal, Plaintiff and his experts used the FMECA Documents to support class certification (Dkts. 121, 128-13, 128-14), and the Court granted motions to seal any part of the class certification briefing referencing the FMECA Documents. *See* Orders Granting Mots. Seal, Dkts. 127, 157, 168. On July 17, 2025, in the District Court action, Trace filed to intervene for purposes of unsealing the record on class certification. Dkt. 181. The following day, counsel for Sig Sauer conferred with Trace's counsel and set a procedure for reviewing its Opposition and supporting materials to see what material it could de-designate to resolve or at least narrow the issues set forth in the District Court Motion to Intervene. *See* Dkt. 183. The parties agreed that Sig Sauer's deadline for opposing the motion should be extended to allow the parties time to meet and confer. *See id.*

On July 25, 2025, Sig Sauer sent Trace copies of its briefing and materials for review and broadly explained that Sig Sauer had agreed to remove confidentiality designations for all materials, except documents discussing the FMECA and personally identifiable information regarding individuals who had reported to Sig Sauer that they had experienced an

6

inadvertent discharge. *See* Declaration of Colleen M. Gulliver, dated August 25, 2025 ("Gulliver Decl.") ¶ 4.

After Trace pressed Sig Sauer for the basis of confidentiality over the FMECA Documents, on August 4, 2025, counsel for Sig Sauer informed counsel for Trace that it had contacted the Army. *Id.* ¶ 6. Sig Sauer believed the FMECA was protected by Statement D and asked the Army to confirm their position on the FMECA Documents. Finkelman Decl. ¶¶ 4-6. Sig Sauer was informed by the Army that it should "object" to the public release as the documents potentially reveal critical information about the design, reliability, and performance of the Modular Handgun System. Finkelman Decl. ¶ 5; *id.* Ex. 1, Ex. B.

On August 8, 2025, counsel for Sig Sauer and Trace met and conferred a third time, and Trace confirmed that it did not oppose Sig Sauer's sealing of the non-public names of individuals involved in inadvertent discharge incidents. *See* Gulliver Decl. ¶ 7. Therefore, the parties had, through the meet and confer process afforded by the extension, significantly narrowed the dispute, with only one substantive issue remaining: whether the FMECA Documents and materials referencing them should remain under seal. *See* ECF Nos. 186–188. Sig

Appellate Case: 25-8006     Page: 12     Date Filed: 08/25/2025 Entry ID: 5551118

Sauer further endeavored to work through Plaintiff's briefing on its moving motion and reply and proposed appropriate redactions for them as well. Gulliver Decl. ¶ 8. Also on August 8, 2025, Sig Sauer filed a Notice of Filing with unredacted and partially-redacted versions of its Opposition and exhibits. *See* Dkt. 188. Sig Sauer then provided unredacted and partially-redacted proposed versions of Plaintiff's class certification materials to Plaintiff on August 12, 2025. *See* Gulliver Decl. ¶ 9. On August 12, counsel for Sig Sauer informed counsel for Trace that it had provided Plaintiff with these proposed redactions. *See id.* ¶ 10. On August 25, 2025, Plaintiff filed in the District Court the versions of his class certification materials with more limited redactions to unseal portions that Sig Sauer has de-designated as confidential. *Id.* ¶ 11.

Thus, to date, Sig Sauer has made public nearly all of Sig Sauer's Opposition and its exhibits. The two FMECA Documents remain under seal, and five additional documents incorporating the FMECA or personally identifiable information remain partially redacted in the District Court action. *See* Dkt. 188.

In its Motion to Seal in this action, Sig Sauer requested leave to seal the following, limited documents that discuss or excerpt the FMECA:

- Plaintiff's Motion for Class Certification and Suggestions in Support dated November 5, 2024 (Cert Motion) (Dkt. 121) (partially redacted);
- Exhibit 13 to Plaintiff's Cert Motion, FMECA Spreadsheet (Dkt. 121-13) (filed under seal);
- Exhibit 14 to Plaintiff's Cert Motion, FMECA Memorandum (Dkt. 121-14) (filed under seal);
- Sig Sauer's Suggestions in Opposition to Plaintiff's Motion for Class Certification dated March 31, 2025 (Opposition) (Dkt. 188-1) (partially redacted);
- Exhibit 7 to Sig Sauer's Opposition, Expert Report of Derek Watkins dated March 31, 2025 (Dkt. 188-5) (partially redacted);
- Exhibit 13 to Sig Sauer's Opposition, Report of Robert Rauschenberger, Ph.D, dated March 27, 2025 (Dkt. 188-7) (partially redacted);
- Exhibit 16 to Sig Sauer's Opposition, Ed Murphy Declaration (Dkt. 188-9) (partially redacted); and
- Plaintiff's Reply Suggestions in Support of Cert Motion dated May 1, 2025 (Dkt. 169) (partially redacted).[5]

_____

[5] On August 13, 2025, Plaintiff filed a purportedly "unopposed" motion to seal in this Court requesting to file not only those portions of his Response to Sig Sauer's Rule 23(f) petition ("Rule 23(f) Response") that referenced the FMECA Documents, but the entirety of his Rule 23(f) Response. *See generally* Plaintiff's Motion to Seal ("Pl.'s Motion to Seal."). Two days later, Plaintiff filed a Notice clarifying that Sig Sauer only did not oppose the sealing of the materials it kept under seal in the District Court. *See generally* Plaintiff's Notice to the Eighth Circuit, Aug. 15, 2025 ("Plaintiff's Notice"). Yet, on August 21, 2025, Plaintiff filed his entire response under seal. Rule 23(f) Response.

9

## IV. A Party in Another Action Violated a Court Order Protecting the FMECA Spreadsheet.

In another pending action, *Sig Sauer, Inc. v. Jeffrey S. Bagnell, Esq., LLC* ("Bagnell"), No. 22-CV-00885 (D. Conn.), the defendant sought to file the FMECA Spreadsheet under seal because Sig Sauer had designated it "Highly Confidential" in other matters. *See Bagnell*, Dkt. 202. On May 15, 2025, the Court granted the motion to seal finding that "good cause exists to seal this document and that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." *Id.* Dkt. 204. However, defendant's counsel did not properly protect the document such that it became viewable by the public for a short period of time, prompting Sig Sauer on July 28, 2025 to file an emergency motion to correct the violation and seek sanctions. *Id.* Dkts. 213–214. The Court acted immediately to remove the improperly filed document from public view while the emergency motion remains pending.

In the short period of time the FMECA Spreadsheet was insecurely redacted, a blogger captured the FMECA Spreadsheet and removed the redactions, which it then improperly posted publicly on July 29, 2025 on the Practical Shooting Insights website and in violation of the *Bagnell*

10

Court's Order. *See* Mot. at 5. Upon information and belief, Trace obtained the FMECA Spreadsheet via this anonymous blogger despite knowing it had been designated as Highly Confidential and sealed on multiple court dockets, and then went on to excerpt the sealed document in its Motion to Intervene filed before this Court. Mot. at 5.

Later, on August 6, 2025, Sig Sauer's Vice President of Consumer Affairs, Phil Strader, gave an interview on the podcast "Behind the Lens" and was pressed about the FMECA Spreadsheet's improper brief public release. *See* Mot. at 7-8. However, it is the Army, not Sig Sauer, that determines the confidentiality classification of the FMECA Documents. In any event, only the FMECA Spreadsheet was briefly accessible online, not the FMECA Memorandum or any of the other sealed documents that discuss the FMECA Documents.

## V. Sig Sauer Has Further Conversations with the Army Over its Position on the FMECA Documents.

In the week leading up to Sig Sauer's August 21, 2025 deadline to oppose Trace's District Court Motion, Sig Sauer sought further clarification from the Army as to its position on whether the FMECA Documents could be made public as well as the lack of a marking appearing on the face of the FMECA Documents. Sig Sauer was in

11

correspondence with Army representatives on a nearly daily basis. Finkelman Decl. ¶ 7. However, Sig Sauer was informed that the individuals at the Army that were responsible for the decision as to the classification of the FMECA Documents were unavailable last week. *Id.* Since the Army's designation is at issue, the Army needs additional time to consider its designation status for the FMECA Documents and to determine whether the Army wishes to submit information in support of the materials remaining under seal. *Id.* ¶ 8. On August 21, 2025, Sig Sauer filed its opposition to Trace's Motion to Intervene in the District Court action. *See* Dkt. 189.

## ARGUMENT

### I. Trace's Motion to Intervene Is Duplicative.

This Court has had a "long-standing 'general principle' of 'avoid[ing] duplicative litigation.'" *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 932 (8th Cir. 2011) (internal citations omitted). Thus, "a [party] 'should not be' allowed 'to litigate the same issue at the same time in more than one federal court.'" *Id.*; *see also Ritchie Cap. Mgmt., L.L.C. v. BMO Harris Bank, N.A.*, 868 F.3d 661, 664 (8th Cir. 2017) (explaining that "abstention can be warranted when proceedings are duplicative"). The "duplicative" determination is "rooted . . . in the relevant equitable

12

considerations: conservation of judicial resources and comprehensive disposition of litigation." *Id.* (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

These concerns counsel abstention here since Trace's District Court Motion was filed first and it targets the exact same issue implicated by the present Motion to Intervene, namely whether Trace can intervene and whether the FMECA Documents and references thereto should be unsealed. Thus, the present Motion to Intervene in the Eighth Circuit is entirely duplicative. It is neither practical nor efficient for two different judicial courts to assess the same issue at the same time. The ruling by the District Court will definitively resolve Trace's Motion to Intervene in this Court as well.

## II. Trace's Attempt to Unseal References to the FMECA Should Be Denied.

### A. Trace Has Not Proven It Has Standing to Intervene.

This Court should deny Trace's Motion to Intervene because it utterly fails to prove that it has standing. *See Reps. Comm. for Freedom of Press v. United States*, 94 F.4th 746, 751 (8th Cir. 2024); *see also Nat'l Parks Conservation Ass'n v. E.P.A.*, 759 F.3d 969, 974 (8th Cir. 2014) (explaining "a prospective intervenor must 'establish Article III standing

13

in addition to the [intervention] requirements of Rule 24'" (citation omitted)).  A party seeking to unseal court filings has "an obligation to establish why it ha[s] standing to sue from the 'outset.'"  *Reps. Comm.*, 94 F.4th at 751 (quoting *Uzuegbunam v. Preczewski*, 592 U.S. 279, 282 (2021)).  "[A] plaintiff raising only a generally available grievance" that is shared with others and "seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573–74 564 n.2 (1992).  "To demonstrate standing, a plaintiff must clearly allege facts showing an injury in fact, which is an injury to a legally protected interest that is 'concrete, particularized, and either actual or imminent.'"  *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 833–34 (8th Cir. 2009) (citation omitted).  "The purpose of the imminence requirement is 'to ensure that the alleged injury is not too speculative and that the injury is certainly impending.'"  *Id.* (citation modified) (quoting *Lujan*, 504 U.S. at 564 n.2).

This Court recently rejected on standing grounds an organization's demand that court filings be unsealed.  In that case, the Reporters Committee for Freedom of the Press challenged the sealing of electronic-

surveillance filings by the District of Minnesota's clerk of court. *Reps. Comm.*, 94 F.4th at 748. The Eighth Circuit held that "the Reporters Committee failed to establish that it suffered a concrete and particularized injury" because "having a desire to unseal electronic-surveillance materials on the chance that 'some unspecified person may some[d]ay want to review them' is hardly concrete." *Id.* at 751 (alteration in original) (citation omitted). Absent "'concrete plans' to review or use the materials, [an organization's] injury is no different than every other member of the public." *Id.* (citation omitted)

Here, Trace's Motion to Intervene does not establish it has standing because it does not assert any "concrete plans" to use the materials sought. Instead, Trace simply references "the public interest" in the FMECA in support of its standing. Mot. at 19-22. However, a desire for "public access to documents," *id.* at 21, is insufficient to show standing for Trace specifically, under binding precedent, because it is in the same position as any other member of the public without an actual or imminent injury. *See, e.g.*, *Reps. Comm.*, 94 F.4th at 751; *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) (noting that a "plaintiff [who] has not suffered any physical, monetary, or cognizable intangible harm

traditionally recognized as providing a basis for a lawsuit in American courts" does not have standing). Trace's argument is no different from the Reporters Committee's where it argued it had "'a strong interest in observing and understanding' what happens in federal court." *Reps. Comm.*, 94 F.4th at 751 (citation omitted). This Court rejected that interest before and should do so again here.

In an attempt to show a concrete injury Trace can only point to articles where it has "reported" and "published" on inadvertent discharges in the *past* and where it previously "covered litigation concerning the alleged safety defect in the P320." Mot. at 2. But past reporting does not establish "'concrete plans' to review or use the materials," in the future, which is required to show standing. *Reps. Comm.*, 94 F.4th at 751 (citation omitted).

Moreover, Trace admits that the FMECA Spreadsheet has been posted online since July 29, 2025,[6] meaning Trace has had access to an unauthorized copy of the document for almost a month and has already reviewed it and could have chosen to report on it if it intended to. *See* Mot. at 5. Moreover, Sig Sauer unsealed many of its documents in

---

[6] Trace's reference to "January 29" appears to be a typo. Mot. at 5.

Appellate Case: 25-8006     Page: 21     Date Filed: 08/25/2025 Entry ID: 5551118

support of class certification on August 8, 2025. *See* Dkt. 188. Yet, Trace does not cite any article in its Motion to Intervene written with that material. On the contrary, its most recently cited article is May 2025. Mot. at 2. This forecloses any argument that Trace has an imminent need to unseal these records. Thus, without "'concrete plans' to review or use the materials," Trace's position "is no different than every other member of the public." *Reps. Comm.*, 94 F.4th at 751.

## B. The Army Should Be Afforded the Opportunity to Opine on the Propriety of the Public Release of the FMECA Documents and Documents Referencing Them.

The FMECA Documents were created and provided to the Army as contract requirements of the MHS Contract, whereby Sig Sauer designed and manufactured pistols for service members. Therefore, the Army should be afforded the opportunity to weigh in on whether the FMECA Documents can be shared with the public or why it has a compelling reason to protect the documents.

The "common-law right of access to judicial records … is not absolute." *Seidl v. Am. Century Cos.*, 799 F.3d 983, 994 (8th Cir. 2015). "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling

17

reasons for doing so." *Biovant, LLC v. Wassenaar*, 2024 WL 894959, *1 (E.D. Mo. Mar. 1, 2024). In determining whether to provide public access to judicial records, "[a] court must weigh 'the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed.'" *Seidl*, 799 F.3d at 994 (quoting *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013)).

Redacting and sealing documents is appropriate when the filings "appear to contain sensitive … information" and the redactions are "narrowly tailored." *See DoseLogix, LLC v. Reflex Med. Corp.*, 2023 WL 8005749, *1 (D. Minn. Nov. 17, 2023) (granting motion for continued sealing). "[I]t is proper for a district court, after weighing competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document." *IDT Corp.*, 709 F.3d at 1224 (citation omitted).

"There is no question that the government has a compelling interest in protecting military secrets." *Taylor v. Kellog Brown & Root Servs., Inc.*, 2009 WL 10689733, at *3 (E.D. Va. Dec. 18, 2009). Thus, courts

18

have recognized that the military has a compelling interest in protecting sensitive military information and have ordered parties to keep such documents confidential. *See e.g.*, *Harris v. Kellog, Brown & Root Servs., Inc.*, 618 F. Supp. 2d 400, 415 n.16 (W.D. Pa. 2009) (granting motion to seal Army documents marked as "For Official Use Only"); *Faulk v. Gen. Elec. Co.*, 2024 WL 3009315, at *1–2 (C.D. Cal. May 14, 2024) (granting motion to seal "contracts, specifications, plant approvals, and change orders," and a declaration discussing those documents, for "military aircrafts," citing concerns that "pertain to national security").

Trace incorrectly asserts that *Taylor* supports public release here (*see* Mot. at 19). It does not. In *Taylor*, unlike here, the court did not seal certain military documents because the military itself had ***voluntarily made the information public*** through "reports of the Department of Defense." *Taylor*, 2009 WL 10689733, at *2. The document the court did seal, however, was considered "confidential military information …[that] should be sealed 'given the safety issues involved.'" *Id.* at *1. Here, although Trace asserts that "the FMECA is not 'highly confidential'" because "it is available on the Internet" (Mot. at 12), its release to the public was not intentional and certainly not made by the Army. Mot. at

19

5 (noting that "an improperly redacted copy of the . . . FMECA [was obtained] on CourtListener.com"); *Bagnell*, Dkts. 213–214. Thus, here, as in *Taylor*, the Army has "a compelling interest in protecting military secrets." *Taylor*, 2009 WL 10689733, at *3.

Similarly, Trace tries unsuccessfully to distinguish *Perkins v. United States*, 2024 WL 707682 (W.D. Wash. Feb. 21, 2024) by arguing that *Perkins* "only" assessed whether certain documents could be marked confidential. *See* Mot. at 18. This is incorrect. Although the Court was ruling on whether to amend the parties' protective order, the Court acknowledged that a failure to permit certain documents to be marked as confidential would mean "the release of Department of Defense technical information **outside** this litigation." *Perkins*, 2024 WL 707682, at *1 (emphasis added). Thus, by granting the motion to amend the protective order, the court protected the Navy's technical information from public release. *Id.* Moreover, the granted, amended protective order contemplated that documents marked as "confidential" would be filed under seal or in redacted form. *See Perkins*, No. 22-CV-05701 (W.D. Wash.), Dkt. 41-1 at § 4.3.

As Sig Sauer has believed that the FMECA is "technical

information" because it includes "technical data" related to the "engineering, development [and] testing … in an area of significant military applicability in the United States," *Perkins*, 2024 WL 707682, at *2 n.1, maintaining the confidentiality of the FMECA is justified to protect the United States' "'national and operational security,' privacy, and intellectual property" concerns. *Id.* at *2. Otherwise, this Court should provide 14 days for the Army to determine whether it wants to submit information on the propriety of FMECA Documents being made public. The Army has expressed an interest in the outcome of this Motion to Intervene. Given the present unavailability of key Army individuals, *see* Finkelman Decl. ¶ 7, however, the Army should be permitted additional time to determine the course it would like to take here. *Cf. See Am. Safety Cas. Ins. Co. v. City of Waukegan, Ill.*, 678 F.3d 475, 486 (7th Cir. 2012) (noting that where there are "multiple layers of review," "bureaucracies need time to act"); *Dobson v. Comm'r of Soc. Sec.*, 2014 WL 1909363, at *8 (S.D.N.Y. May 12, 2014) ("It is sensible that such [government agency] actions are subject to extensive, multi-tiered review."); *Simon*, 2017 WL 10541426, at *1 (noting that the "multi-layered review process" of government agencies "likely will take a

21

significant amount of time to complete.").

Trace also argues that the public interest should outweigh the Army's interest because the FMECA was "central to the District Court's ruling" as it had "serial references to it" (Mot. at 11-12, 20). However, Trace's case law does not support this contention. Several of the courts held that the documents should ***not*** be made public. *See IDT Corp.,* 709 F.3d at 1224 (denying request to unseal because "the potential harm in unsealing 'confidential and competitively sensitive information'" outweighed the public interest group's "generalized interest in access"); *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1377 (8th Cir. 1990) (holding that news organization's interest in unsealing the district court's file was clearly "outweighed"); *Flynt v. Lombardi,* 885 F.3d 508 (8th Cir. 2018) (holding that the public's right of access was overcome because "the balance of interests here lies in favor of both the execution team members' rights to privacy, and the State's right to carry out its executions").

Finally, Trace's reliance on *Marden's Ark, Inc. v. UnitedHealth Grp., Inc.,* is distinguishable because the case involved claims under the "Telephone Consumer Protection Act" and the sealed documents directly

related to "the conduct that Plaintiff alleged violated the TCPA" including "records of calls" and information about the defendant's "vendors and the telephone numbers they used."  534 F. Supp. 3d 1038, 1040, 1049 (D. Minn. 2021).  Thus, the information sought to be sealed was "what the lawsuit is about." *Id.* at 1049.  Here, in contrast, the FMECA was addressed in only one element of the MMPA omission claim—whether Sig Sauer had knowledge of the alleged defect—and the FMECA did not show knowledge because it evaluated all pistols generally and not specifically the P320.  *See* Dkt. 184 at 12-13, 20-22; Finkelman Decl., Ex. 1 ¶ 3.

Finally, Trace argues that the Department of Defense's Instruction 523.024 "states that the designation of a document . . . does not provide a basis for withholding the document from the public where the document relates to performance and reliability of military equipment," relying on a hyper-technical definition of "performance."  Mot. at 15-16.  However, this is not Trace's decision to make—rather, by the very nature of the instruction, it is the ***Department of Defense's*** decision to make as to whether the FMECA Documents should fall within this language.  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (reversing

23

grant of preliminary injunction imposing restrictions on Navy's sonar training and giving "great deference to the professional judgment of military authorities concerning the relative importance of a particular military interest"); *Wronke v. Marsh*, 787 F.2d 1569, 1576 (Fed. Cir. 1986) (noting Army's interpretation of its own regulation "was entitled to judicial deference"); *Williams v. United States*, 116 Fed. Cl. 149, 158 (2014) ("When the interpretation of military regulations and instructions are at issue, the military's own interpretation must typically be given controlling weight and deference . . ."). Similarly, although Trace contends that this Court has "recognized the public interest in protecting both civilians and soldiers from defective weapons," this Court has never held that this interest outweighs the government's "compelling interest in protecting military secrets." *Taylor*, 2009 WL 10689733, at *3. In any event, Trace's cited case law about "defective explosives" is utterly inapposite as it did not assess whether any material could be sealed. Instead, the *Foster* court was addressing whether defendants should be held strictly liable in tort for injuries suffered by the plaintiff when a "hand grenade exploded in his hand . . . ." *Foster v. Day & Zimmermann, Inc.,* 502 F.2d 867, 869 (8th Cir. 1974).

In sum, the FMECA Documents should remain under seal, and the redactions in Sig Sauer's Opposition and exhibits discussing the FMECA Documents should be maintained.

## CONCLUSION

Therefore, this Court should deny Trace's Motion to Intervene.

WHEREFORE, Sig Sauer respectfully requests that:

1.    This Court deny Trace's Motion to Intervene.

2.    In the alternative, this Court allow the Army 14 days to determine whether it wants to submit information on the propriety of FMECA Documents being made public.


Dated: August 25, 2025

*/s/ Colleen Michelle Gulliver*
Colleen Michelle Gulliver
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, NY 10020
Tel: 212-335-4500
colleen.gulliver@us.dlapiper.com

Cara Rose
**FRANKE SCHULTZ &
MULLEN, P.C.**
1919 E. Battlefield, Suite B
Springfield, Missouri 65804
Tel: 417-863-0040
crose@fsmlawfirm.com

Robert L. Joyce

Appellate Case: 25-8006    Page: 30    Date Filed: 08/25/2025 Entry ID: 5551118

B. Keith Gibson
**LITTLETON JOYCE
UGHETTA & KELLY LLP**
4 Manhattanville Road, Suite 202
Purchase, New York 10577
Tel: 914-417-3400
robert.joyce@littletonjoyce.com
keith.gibson@littletonjoyce.com

*Counsel for Defendant-Petitioner
Sig Sauer, Inc.*

# CERTIFICATION OF COMPLIANCE

I, Colleen Michelle Gulliver, certify:

***Word Count.*** This motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 5,063 words, excluding any accompanying documents authorized by Rule 27(a)(2)(B).

***Typeface.*** In accordance with Federal Rule of Appellate Procedure 27(d)(1)(E), the motion complies with the typeface and type-style requirements of Federal Rules 32(a)(5)(A) and (6) because it has been prepared using Microsoft Word in 14-point, Century Schoolbook font.

Dated: August 25, 2025

*/s/ Colleen Michelle Gulliver*
Colleen Michelle Gulliver

*Counsel for Defendant-Petitioner*
*Sig Sauer, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2025, I electronically filed this opposition with the Clerk of Court for the U.S. Court of Appeals for the Eighth Circuit using the Court's ECF system. I further certify that I served the opposition on August 25, 2025, via next-day delivery and email, on the following counsel for Plaintiff-Respondent:

Michael A. Williams
Matthew L. Dameron
Clinton J. Mann
**Williams Dirks Dameron LLC**
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
816-945-7110
mwilliams@williamsdirks.com
matt@williamsdirks.com
cmann@willliamsdirks.com

Todd C. Werts
**Lear Werts LLP**
103 Ripley Street
Columbia, Missouri 65201
573-875-1991
werts@learwerts.com

*Counsel for Plaintiff Joshua Glasscock*
*and the Certified Class*

Dated: August 25, 2025

*/s/ Colleen Michelle Gulliver*
Colleen Michelle Gulliver

*Counsel for Defendant-Petitioner*
*Sig Sauer, Inc.*

28