No. 25-8006

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

JOSHUA GLASSCOCK, on behalf of himself and all others similarly situated,

*Plaintiff-Respondent,*

v.

SIG SAUER, INC.,

*Defendant-Petitioner.*

On Petition for Permission to Appeal from the United States District Court for the Western District of Missouri (Southern Division) Case No. 6:22-cv-03095-MDH | Hon. M. Douglas Harpool

## DECLARATION OF COLLEEN MICHELLE GULLIVER

I, Colleen Michelle Gulliver, hereby swear under the penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1. I am a partner at the law firm of DLA Piper LLP (US) ("DLA Piper"), counsel for Defendant Sig Sauer, Inc. ("Sig Sauer") in this matter. I submit this declaration in support of Sig Sauer's opposition to third-party Intervenor Trace Media, Inc.'s ("Trace") Motion to Intervene for the Limited Purpose of Opposing Sig Sauer's Motion to File Sealed Appendix and Plaintiff's Motion for Leave to File Under Seal ("Intervenor Motion"). The facts set forth below are based on my personal knowledge and my familiarity with documents produced in this litigation.

2. Trace filed its Motion to Intervene in the District Court ("Trace's District Court Motion to Intervene") on July 17, 2025.

3. On July 18, 2025, I conferred with counsel for Trace and set a procedure for reviewing Sig Sauer's Opposition to Plaintiff's Motion for Class Certification and supporting materials to see what material it could de-designate to resolve or narrow the issues set forth in Trace's District Court Motion to Intervene.

2

4. On July 25, 2025, I directed the team to send Trace copies of new versions of Sig Sauer's opposition to Plaintiffs' motion for class certification and accompanying documents that reflected Sig Sauer's decisions to de-designate material that was previously sealed. I informed counsel for Trace that Sig Sauer had agreed to remove confidentiality designations for all of its material, with the exception of (a) documents discussing Sig Sauer's Failure Modes, Effects, and Criticality Analysis ("FMECA"), which were prepared for the Army as a contractually required deliverable under Sig Sauer's Modular Handgun System Contract with the Army, and (b) non-public personally identifiable information regarding individuals who had reported to Sig Sauer that they had experienced an inadvertent discharge.

5. Later on July 25, 2025, counsel for Trace called another team member for Sig Sauer and asked Sig Sauer to provide additional documentation regarding the confidentiality of the FMECA and the Army's position on the FMECA.

6. On August 4, 2025, I directed the team to notify counsel for Trace that Sig Sauer had discussed with the Army to confirm their position on the FMECA in light of the Intervenor Motion, and the Army

3

informed Sig Sauer and its counsel that based on Sig Sauer's understanding of the Army classification of the FMECA it was opposed to the public release.

7. On August 8, 2025, I met with counsel for Trace and conferred a third time, and counsel for Trace confirmed that it was not opposed to Sig Sauer's retention of redactions for the non-public names of individuals involved in inadvertent discharge incidents. During that meeting, counsel for Trace also confirmed that the parties were in disagreement only about the redactions regarding the FMECA.

8. I then informed Trace's counsel that we would review Plaintiff's moving and reply briefing for the class certification motion and similarly propose appropriate redactions for Plaintiff based on the information Sig Sauer had de-designated.

9. On August 12, 2025, I directed the Sig Sauer team to provide unredacted and partially-redacted proposed versions of Plaintiff's class certification materials to Plaintiff, where all confidential information would be unsealed with the exception of the FMECA and documents incorporating that information. The team also informed Plaintiff that it had de-designated as confidential all of its previously-designated

4

material used in connection with the class certification motion, except for documents that discuss: (1) the FMECA or (2) personally identifiable information, including the names of individuals who reported inadvertent discharge incidents that have not been made public.

10. Also on August 12, 2025, I informed counsel for Trace that Sig Sauer was providing de-designated versions of Plaintiff's class certification materials to Plaintiff that day.

11. On August 25, 2025, Plaintiff filed in the District Court the versions of his class certification materials with more limited redactions to unseal portions that Sig Sauer has de-designated as confidential.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 25th day of August 2025.

_____
Colleen Michelle Gulliver