No. 25-8006

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

---

JOSHUA GLASSCOCK, on behalf of himself and all others similarly situated,

*Plaintiff-Respondent,*

v.

SIG SAUER, INC.,

*Defendant-Petitioner.*

---

On Petition for Permission to Appeal from the United States District Court for the Western District of Missouri (Southern Division) Case No. 6:22-cv-03095-MDH | Hon. M. Douglas Harpool

---

## DEFENDANT-PETITIONER SIG SAUER, INC.'S
## MOTION FOR LEAVE TO FILE REPLY
## IN SUPPORT OF RULE 23(f) PETITION

---

Colleen Michelle Gulliver
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, NY 10020
212-335-4500

Cara Rose
**FRANKE SCHULTZ & MULLEN, P.C.**
1919 E. Battlefield, Suite B
Springfield, MO 65804
417-863-0040

Robert L. Joyce
B. Keith Gibson
**LITTLETON JOYCE UGHETTA & KELLY LLP**
4 Manhattanville Road, Suite 202
Purchase, NY 10577
914-417-3400

*Attorneys for Defendant-Petitioner Sig Sauer, Inc.*

August 27, 2025

## MOTION FOR LEAVE TO FILE REPLY

Defendant-Petitioner Sig Sauer, Inc. ("Sig Sauer") respectfully requests leave to file a reply in support of its petition for permission to appeal the district court's class certification order under Federal Rule of Civil Procedure 23(f) ("Rule 23(f)").

The Federal Rules of Appellate Procedure generally provide the party seeking relief an opportunity to file a reply brief, although neither those rules nor this Circuit's rules expressly address a reply in support of a Rule 23(f) petition. *See* Fed. R. App. P. 27(a)(4) (authorizing replies in response to motions); Fed. R. App. P. 28(c) (authorizing appellants to file reply briefs); Fed. R. App. P. 28.1(c)(4) (authorizing cross-appellants to file reply briefs).

This Court may grant leave to file a reply brief and has repeatedly granted such leave to petitioners seeking review under Rule 23(f). *See, e.g.*, *Sorin v. Folger Coffee Co.*, No. 24-8008 (8th Cir. Sept. 5, 2024); *Vogt v. Progressive Cas. Ins. Co.,* No. 24-8003 (8th Cir. Apr. 16, 2024); *Hudock v. LG Elecs. U.S.A., Inc.,* No. 20-8004 (8th Cir. Apr. 29, 2020); *Oren v. Dollar Gen. Corp.,* No. 19-8008 (8th Cir. Apr. 30, 2019); *Harris v. Union Pac. R.R. Co.,* No. 19-8006 (8th Cir. Mar. 4, 2019).

1

Sig Sauer respectfully submits that the Court will benefit from the enclosed reply because it clarifies the issues and rebuts several arguments raised in Plaintiff's response. The reply brief complies with the length and timing requirements of Federal Rule of Appellate Procedure 27(a)(4) and (d)(2) because it does not exceed 2,600 words and is being filed within seven days of the response to Sig Sauer's petition.

Sig Sauer thus respectfully requests that the Court grant this motion and consider the attached reply.

Dated: August 27, 2025

*/s/ Colleen Michelle Gulliver*
Colleen Michelle Gulliver
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, NY 10020
Tel: 212-335-4500
colleen.gulliver@us.dlapiper.com

Cara Rose
**FRANKE SCHULTZ & MULLEN, P.C.**
1919 E. Battlefield, Suite B
Springfield, Missouri 65804
Tel: 417-863-0040
crose@fsmlawfirm.com

Robert L. Joyce
B. Keith Gibson
**LITTLETON JOYCE UGHETTA & KELLY LLP**

2

4 Manhattanville Road
Suite 202
Purchase, NY 10577
Tel: 914-417-3400
robert.joyce@littletonjoyce.com
keith.gibson@littletonjoyce.com

*Counsel for Defendant-Petitioner*
*Sig Sauer, Inc.*

## <u>CERTIFICATION OF COMPLIANCE</u>

I, Colleen Michelle Gulliver, certify:

***Word Count.*** The motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 285 words, excluding portions exempted by Rule 32(f).

***Typeface.*** In accordance with Federal Rule of Appellate Procedure 27(d)(1)(E), the motion complies with the typeface and type-style requirements of Federal Rules 32(a)(5)(A) and (6) because they have been prepared using Microsoft Word in 14-point, Century Schoolbook font.

Dated: August 27, 2025

*/s/ Colleen Michelle Gulliver*
Colleen Michelle Gulliver

*Counsel for Defendant-Petitioner Sig Sauer, Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2025, I filed this motion with the Clerk of Court for the U.S. Court of Appeals for the Eighth Circuit using the Court's ECF system. I further certify that I served the motion on August 27, 2025, via email on the following counsel for Plaintiff-Respondent:

Michael A. Williams
Matthew L. Dameron
Clinton J. Mann
**Williams Dirks Dameron LLC**
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
816-945-7110
mwilliams@williamsdirks.com
matt@williamsdirks.com
cmann@willliamsdirks.com

Todd C. Werts
**Lear Werts LLP**
103 Ripley Street
Columbia, Missouri 65201
573-875-1991
werts@learwerts.com

*Counsel for Plaintiff Joshua Glasscock*
*and the Certified Class*

Dated: August 27, 2025

*/s/ Colleen Michelle Gulliver*
Colleen Michelle Gulliver

*Counsel for Defendant-Petitioner*
*Sig Sauer, Inc.*

5

No. 25-8006

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

---

JOSHUA GLASSCOCK, on behalf of himself and all others similarly situated,

*Plaintiff-Respondent,*

v.

SIG SAUER, INC.,

*Defendant-Petitioner.*

---

On Petition for Permission to Appeal from the United States District Court for the Western District of Missouri (Southern Division) Case No. 6:22-cv-03095-MDH | Hon. M. Douglas Harpool

---

## SIG SAUER, INC.'S REPLY BRIEF IN SUPPORT OF PETITION FOR PERMISSION TO APPEAL PURSUANT TO RULE 23(f) FROM ORDER GRANTING CLASS CERTIFICATION

---

Colleen Michelle Gulliver
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
New York, NY 10020
212-335-4500

Cara Rose
**FRANKE SCHULTZ & MULLEN, P.C.**
1919 E. Battlefield, Suite B
Springfield, MO 65804
417-863-0040

Robert L. Joyce
B. Keith Gibson
**LITTLETON JOYCE UGHETTA & KELLY LLP**
4 Manhattanville Road, Suite 202
Purchase, NY 10577
914-417-3400

*Attorneys for Defendant-Petitioner Sig Sauer, Inc.*

August 27, 2025

# <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES...........................................................................ii

INTRODUCTION........................................................................................1

I.   The Order Improperly Assessed Plaintiff's Standing by Crediting His Allegations. ....................................................................................2

II.  The District Court Ignored Binding Authority to Apply the Wrong Rule 23 Standard That Lacked Rigor. ..............................................7

CONCLUSION ......................................................................................14

i

# TABLE OF AUTHORITIES

<strong>Page(s)</strong>

## Cases

*ABF Freight System, Inc. v. Int'l Brotherhood of Teamsters,*
645 F.3d 954 (8th Cir. 2011)..................................................5

*In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liab. Litig.,*
2011 WL 6740338 (W.D. Mo. Dec. 22, 2011) .......................5

*Blades v. Monsanto Co.,*
400 F.3d 562 (8th Cir. 2005)..................................................7

*Brown v. Medtronic, Inc.,*
628 F.3d 451 (8th Cir. 2010)..................................................5

*Cody v. City of St. Louis ex rel. Medium Sec. Inst.,*
103 F.4th 523 (8th Cir. 2024) .........................................11, 12

*Comcast Corp. v. Behrend,*
569 U.S. 27 (2013)..................................................................7

*Custom Hair Designs by Sandy v. Cent. Payment Co.,*
984 F.3d 595 (8th Cir. 2020)................................................11

*Donaca v. Dish Network, LLC,*
303 F.R.D. 390 (D. Colo. 2014) ...........................................14

*Ebert v. Gen. Mills, Inc.,*
823 F.3d 472 (8th Cir. 2016)..................................................9

*Equip. Mfrs. Inst. v. Janklow,*
300 F.3d 842 (8th Cir. 2002)..................................................6

*Faltermeier v. FCA US LLC,*
899 F.3d 617 (8th Cir. 2018)..................................................9

Appellate Case: 25-8006   Page: 9   Date Filed: 08/27/2025 Entry ID: 5552167

*Halliburton Co. v. Erica P. John Fund, Inc.*,
573 U.S. 258 (2014)...................................................................7

*Hawkins v. Nestle U.S.A. Inc.*,
309 F. Supp. 3d 696 (E.D. Mo. 2018)....................................7

*Hudock v. LG Elecs. U.S.A., Inc.*,
12 F.4th 773 (8th Cir. 2021) ..........................................8, 12

*Indigo LR LLC v. Advanced Ins. Brokerage of Am. Inc.*,
717 F.3d 630 (8th Cir. 2013)...............................................2, 5

*Johannessohn v. Polaris Indus. Inc.*,
9 F.4th 981 (8th Cir. 2021) .........................................1, 4, 10

*May v. Makita U.S.A., Inc.*,
2023 WL 3619354 (E.D. Mo. May 24, 2023)........................7

*McKeage v. TMBC, LLC*,
847 F.3d 992 (8th Cir. 2017)...............................................13

*In re Milk Prods. Antitr. Litig.*,
195 F.3d 430 (8th Cir. 1999)..................................................7

*Murthy v. Missouri*,
603 U.S. 43 (2024)...................................................................2

*Postawko v. Missouri Dep't of Corr.*,
910 F.3d 1030 (8th Cir. 2018).........................................1, 11

*Powers v. Credit Mgmt. Servs.*,
776 F.3d 567 (8th Cir. 2015)................................................11

*Red River Freethinkers v. City of Fargo*,
679 F.3d 1015 (8th Cir. 2012)................................................5

*Smith v. ConocoPhillips Pipe Line Co.*,
801 F.3d 921 (8th Cir. 2015)..................................................8

*Sprafka v. Med. Device Bus. Servs., Inc.*,
139 F.4th 656 (8th Cir. 2025) ................................................3

iii

*In re St. Jude Med., Inc.*,
    522 F.3d 836 (8th Cir. 2008) .......................................................... 9, 12

*In re Target Corp. Customer Data Sec. Breach Litig.*,
    847 F.3d 608 (8th Cir. 2017) .............................................................. 12

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021) ............................................................................ 10

*Tucker v. General Motors LLC*,
    58 F.4th 392 (8th Cir. 2023) ..................................................... 6, 10, 13

*Tuter v. Freud America, Inc.*,
    2022 WL 4636225 (W.D. Mo. Sept. 30, 2022) ................................. 3–4

*Vogt v. Progressive Cas. Ins. Co.*,
    129 F.4th 1071 (8th Cir. 2025) ............................................................. 8

*In Re Zetia (Ezetimibe) Antitr. Litig.*,
    2022 WL 3337794 (E.D. Va. Feb. 9, 2022) ....................................... 14

*In re Zurn Pex Plumbing Prods. Liab. Litig.*,
    644 F.3d 604 (8th Cir. 2011) ..................................................... *passim*

## **Rules**

Fed. R. Civ. P. 23 ............................................................................ *passim*

Fed. R. Evid. 702 ...................................................................................... 3

iv

## INTRODUCTION

Plaintiff admits that in certifying the District Court credited the Complaint's allegations. Resp. 16, 23–24. That was the only basis for the Order's rulings on standing and certain Rule 23 factors.

Struggling to defend the standing analysis, Plaintiff offers record citations the Order never addressed, including his experts' inadmissible legal opinions. Fundamental errors in the standing analysis warrant review where, as here, Plaintiff attempts to "piggyback" on the one inadvertent discharge occurring in Missouri between 2017 and 2022. *Johannessohn v. Polaris Indus. Inc.*, 9 F.4th 981, 988 (8th Cir. 2021); Dkt. 188-10 ¶13. The record shows all pistols inherently carry a risk of inadvertent discharge that a manual safety "cannot entirely eliminate." Dkts. 188-5 at 21, 41; 188-3 ¶10.

As to Rule 23, Plaintiff's *lack of* response to Sig Sauer's key points also demonstrates review is appropriate. The Order fails to weigh "the evidence put forward by both [parties]" as only one Sig Sauer exhibit was considered. *Postawko v. Missouri Dep't of Corr.*, 910 F.3d 1030, 1040 (8th Cir. 2018). These errors infected the entire analysis. For example, Plaintiff put forward no evidence that anyone else held his idiosyncratic view of the alleged "defect" and he effectively concedes that many class

1

members had differing knowledge before purchase. Resp. 21–22. Plaintiff hangs his hat on *In re Zurn Pex Plumbing Products Liability Litigation*, 644 F.3d 604 (8th Cir. 2011), but ignores that this Court has not applied that legal standard post-*Comcast*.

This Court's review will ensure this litigation is efficiently resolved.

## I. The Order Improperly Assessed Plaintiff's Standing by Crediting His Allegations.

The Order erroneously used a motion-to-dismiss standard on Plaintiff's standing. Pet. 11–13. Plaintiff's one-sentence response asserts the District Court "correctly articulated the standards." Resp. 13. It did not. Plaintiff must prove standing *with evidence. Indigo LR LLC v. Advanced Ins. Brokerage of Am. Inc.*, 717 F.3d 630, 633 (8th Cir. 2013). Tellingly, Plaintiff makes no effort to distinguish Sig Sauer's caselaw, including *Indigo* and *Murthy v. Missouri*, 603 U.S. 43, 57 (2024).

Seeking to downplay this error—whether it be a substantial weakness or a manifest error as Plaintiff concedes it would qualify as— Plaintiff implies the District Court previously found Plaintiff had standing after weighing evidence. Resp. 8, 13–14. Not so. Sig Sauer's summary judgment motion was denied to allow Plaintiff additional discovery. Dkt. 106 at 4.

2

***Injury-In-Fact.*** The Order erroneously relied on the order denying judgment on the pleadings—where the court "accept[ed] as true all facts," Dkt. 70 at 2—and stated Plaintiff "sufficiently alleged injury" because "every P320" "'lack[s] any external safety features,'" Order 5 (quoting Compl.).

Effectively conceding application of the wrong standard, Plaintiff acknowledges the Order held "'Plaintiff has alleged a manifest defect.'" Resp. 14 (quoting Order 4–5). Then, Plaintiff cobbles together evidence *the District Court did not cite*, relying heavily on his own expert's legal opinion that a "'design defect is manifested in every P320.'" Resp. 15 (quoting Dkt. 166 at 9). But facially inadmissible expert legal opinions "are properly disregarded." *See Sprafka v. Med. Device Bus. Servs., Inc.*, 139 F.4th 656, 660–61 (8th Cir. 2025). Plaintiff claims Sig Sauer did not challenge the experts, but Sig Sauer had noticed an expert deposition and sought to file Rule 702 motions. Dkt. 176.

Plaintiff calls out Sig Sauer for not citing *Tuter v. Freud America, Inc.*, 2022 WL 4636225 (W.D. Mo. Sept. 30, 2022), another motion-to-dismiss ruling that supports Sig Sauer. *See* Resp. 15. In *Tuter*, a defect was manifest because plaintiff alleged "*when* the abrasive wheels reach

3

their expiration date, they *will* fail." 2022 WL 4636225, at *5. Here, by contrast, the record showed Plaintiff's P320 never "had an [inadvertent] discharge," which is unsurprising since only "0.003% of [P320 users]" experienced one. Dkts. 154-11 at 65:2–6; 154-12 at 88:21–23; 188-7 ¶24. Therefore, Plaintiff's expert's *ipse dixit* that class members were "'harm[ed] at the point of acquisition'" is unsupported and a legal conclusion. Resp. 15 (quoting Dkt. 121-11 ¶43).

Plaintiff's attempt to distinguish *Johannessohn* falls flat. This Court held "[a]dmissible evidence showed that the increased temperatures do not produce manifest defects in all Polaris vehicles," which is the precise issue here. *Johannessohn*, 9 F.4th at 988 n.3. The "key" defect creating "melt *risks*" and "burn *risks*" is indistinguishable from the near-zero inadvertent discharge risk here. *Id.* at 987–88 & n.3 (quotations omitted). It was error to take the Complaint's allegations as true and conclude mere risk was equivalent to the defect in *Zurn* where every pipe began cracking when exposed to water. 644 F.3d at 617. *Zurn* did not assess the named plaintiff's standing, *see generally id.*, but whether unnamed class members were injured under an outdated class

4

certification standard. *Id.* A miniscule risk of inadvertent discharge is not a manifest defect in every pistol.

Finally, Plaintiff cannot meet his burden where he knew he was purchasing a P320 without a manual safety. Dkts. 154-11 at 42:24–43:14; 154-19–20; 154-21 at 3; 154-15 at 26:22–27:18. He cannot distinguish *In re Bisphenol-A (BPA) Polycarbonate Plastic Products Liability Litigation*, 2011 WL 6740338 (W.D. Mo. Dec. 22, 2011), because whether the P320 has a safety is obvious. *See* Resp. 16–17.

***Traceability.*** An "out-of-pocket loss" does not satisfy Article III standing without causation. *Brown v. Medtronic, Inc.*, 628 F.3d 451, 457–58 (8th Cir. 2010). Plaintiff failed to show his injury is traceable to Sig Sauer. *See id.* He contends traceability is not a "merits argument," Resp. 17, but named plaintiffs must have standing. *Indigo,* 717 F.3d at 633, 635 (affirming dismissal).

Plaintiff's cases are distinguishable. *See* Resp. 17. Neither *Red River Freethinkers v. City of Fargo*, 679 F.3d 1015, 1025 (8th Cir. 2012), nor *ABF Freight System, Inc. v. International Brotherhood of Teamsters*, 645 F.3d 954, 959 (8th Cir. 2011), addressed standing for a false advertising claim.

5

Plaintiff misleadingly cites *Tucker v. General Motors LLC*, 58 F.4th 392 (8th Cir. 2023)—which is not about standing—to argue his MMPA omission claim "does not require proof of any false advertisement." Resp. 17. However, standing is a distinct requirement and this Court simply held the MMPA permits both omission and affirmative misrepresentation claims. *Tucker*, 58 F.4th at 398

Plaintiff again recrafts the Order by citing and mischaracterizing testimony the District Court never evaluated. Resp. 18. Plaintiff never testified that he saw a Sig Sauer advertisement before purchase (only a third-party resale site, a news article, and spoke to people). *See* Dkt. 154-21, No. 5. Although he claimed to see a picture of someone dressed in military clothes apparently carrying an M17 or M18 (both different colors than the P320), he *never* testified those pictures were from Sig Sauer. *See* Dkt. 154-12 at 29:18–21, 32:11–13.

***Injunctive Relief.*** The Order acknowledged "Plaintiff may no longer claim to be misled" because he faces no threat of ongoing harm. Order 7. Plaintiff's footnoted response is insufficient. Resp. 19 n.6; *see Equip. Mfrs. Inst. v. Janklow*, 300 F.3d 842, 848 n.2 (8th Cir. 2002).

6

Plaintiff's ripeness argument also rings hollow. *Hawkins v. Nestle U.S.A. Inc.*, 309 F. Supp. 3d 696, 707–08 (E.D. Mo. 2018), is "unconvincing" because no support exists for Plaintiff being at imminent risk of being "fooled twice." *May v. Makita U.S.A., Inc.*, 2023 WL 3619354, at *4–5 (E.D. Mo. May 24, 2023). When the "only" named plaintiff lacks standing, the proposed class "could not have been properly certified." *In re Milk Prods. Antitr. Litig.*, 195 F.3d 430, 436 (8th Cir. 1999).

The District Court's standing analysis warrants review.

## II. The District Court Ignored Binding Authority to Apply the Wrong Rule 23 Standard That Lacked Rigor.

***Legal Standard.*** The Order consistently relied on abrogated language from *Zurn* (and the even-earlier *Blades v. Monsanto Co.*, 400 F.3d 562 (8th Cir. 2005)), finding it need only determine "whether, if the plaintiff's 'general allegations are true, common evidence could suffice.'" *See* Pet. 20 (quoting 644 F.3d at 618); Order 8, 11–12, 13–14, 20–26. Plaintiff concedes that Rule 23 "does not set forth a mere pleading standard," and he "must actually prove" each Rule 23 requirement, "through evidentiary proof." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275 (2014); *Comcast Corp. v. Behrend*, 569 U.S. 27, 33

7

(2013).  Plaintiff contends, however, that the District Court performed the correct analysis because it stated Plaintiff "'must do more than plead'" Rule 23's requirements.  Resp. 19 (quoting Order 7).  It did not.  The District Court *repeatedly* considered only allegations in its analysis.  Order 20, 22, 24, 26–27.  This error calls for interlocutory review.

Plaintiff incorrectly argues that *Zurn*'s class-certification standard remains intact.  *See* Resp. 20.  *Zurn* relied on pre-*Comcast* caselaw stating that the class-certification analysis is a "limited preliminary inquiry, looking behind the pleadings."  644 F.3d at 618 (quotations omitted).  This Court has not applied that standard post-*Comcast*.  *See, e.g.*, *Hudock v. LG Elecs. U.S.A., Inc.*, 12 F.4th 773, 775–76 (8th Cir. 2021); *Vogt v. Progressive Cas. Ins. Co.*, 129 F.4th 1071, 1074–75 (8th Cir. 2025).

Plaintiff misleadingly claims "this Court has held that '*Zurn* is a binding and well decided precedent.'"  Resp. 20 (quoting *Smith v. ConocoPhillips Pipe Line Co.*, 801 F.3d 921, 925 n.2 (8th Cir. 2015)).  The observation in *Smith*, however, related to *Zurn*'s discussion of the required *Daubert* analysis at class certification, *not* the legal standard.  *See* 801 F.3d at 925 n.2.

8

***Causation.*** The Order concluded that causation could be proven with unspecified common evidence. *See* Pet. 20–22; Order 24. This result is specious due to Plaintiff's testimony and other evidence showing causation was individualized. *See, e.g.*, Dkt. 154-11 at 40:18–25 (Sig Sauer uninvolved in Plaintiff's second-hand purchase), 42:11–43:14. Moreover, almost no sales were direct from Sig Sauer, many of the P320 features Plaintiff challenged were affirmatively advertised to consumers, and incidents of inadvertent discharges varied and became well publicized. Dkts. 188-2 ¶¶6, 9 & n.1, 32; 188-7 ¶39. Thus, Plaintiff did not show causation was capable of common proof. *Ebert v. Gen. Mills, Inc.*, 823 F.3d 472, 477 (8th Cir. 2016); *In re St. Jude Med., Inc.*, 522 F.3d 836, 840 (8th Cir. 2008).

Plaintiff's attempt to distinguish *Faltermeier v. FCA US LLC*, 899 F.3d 617, 622 (8th Cir. 2018), because it involved an affirmative misrepresentation, fails. Resp. 25 n.8. Both omission and misrepresentation claims require "evidence of some factual connection" with "the purchase," and the Order eradicated that requirement. *See Faltermeier*, 899 F.3d at 622.

9

Plaintiff incorrectly argues that *Tucker* dispenses with MMPA causation. Resp. 25. There, the plaintiffs spoke with corporate representatives before purchase. *Tucker*, 58 F.4th at 395.

**Materiality.** Plaintiff does not defend the Order's reasoning that "if the plaintiff's general allegations are true, common evidence could suffice … regarding materiality." Order 23. To obfuscate, Plaintiff argues that materiality is judged by a reasonable consumer standard. Resp. 27. Sig Sauer never argued otherwise. Materiality still requires *evidence*, which is typically shown through a consumer survey. Pet. 22. Plaintiff tries to remedy his lack of evidence by citing his firearm expert's *ipse dixit* of a "material" defect. Resp. 27–28. But this unsupported legal conclusion conflicts with Plaintiff's testimony that he knew his P320 had no safety and he never "inquir[ed]" or "research[ed]" the other features before purchasing "*a[ny]* … pistol[]." Dkt. 188-1 at 39; *see also* Pet. 22 (compiling evidence).

**Class Standing.** Plaintiff does not rebut Sig Sauer's class-standing argument. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) ("Every class member must have Article III standing[.]"); *Johannessohn*, 9 F.4th at 987. Plaintiff cites one expert's conclusory

10

statement that class members were harmed. Resp. 15. But, again, the Order evaluated standing based on allegations, without citing Sig Sauer's evidence showing how remote inadvertent discharges are, that Sig Sauer advertised many of the claimed defective features, and the media covered incidents. Dkts. 188-7 ¶24; 188-2 ¶32.

**_Lack of Rigor._** It is an abuse of discretion to certify a class without performing a rigorous analysis. *Cody v. City of St. Louis ex rel. Medium Sec. Inst.*, 103 F.4th 523, 530–31 (8th Cir. 2024); *Powers v. Credit Mgmt. Servs.*, 776 F.3d 567, 569 (8th Cir. 2015).

Plaintiff argues rigor requires only that courts state reasons in "terms specific enough for meaningful appellate review." *Custom Hair Designs by Sandy v. Cent. Payment Co.*, 984 F.3d 595, 600 (8th Cir. 2020); Resp. 20–21. That is incomplete. A "rigorous analysis" considers "the evidence put forward by both Plaintiffs and Defendants." *Postawko*, 910 F.3d at 1040. The Order, however, cites only *one* Sig Sauer exhibit, a point Plaintiff utterly ignores. Order 20–22. Regardless, in *Custom Hair*, the district court made factual findings and reached the "merits," neither of which happened here. 984 F.3d at 600.

11

If Plaintiff's position were adopted, almost no certification decisions would be overturned for lacking rigor. Yet, this Court has. *See, e.g.*, *In re Target Corp. Customer Data Sec. Breach Litig.*, 847 F.3d 608, 613 (8th Cir. 2017); *Cody*, 103 F.4th at 534.

***Typicality/Adequacy.*** Plaintiff argues the MMPA claim was "evaluated." Resp. 21–22. But the District Court considered the wrong standard for Plaintiff's "multitude of unique defenses" as a second-hand purchaser and failed to "rely on any legal authority or actual evidence." Pet. 25.

Plaintiff also ignores that the Order credited counsel's unsworn assertion that Plaintiff has no conflicts and failed to consider evidence that Plaintiff lacked the same injury as the class because he disclaimed wanting a manual safety. Pet. 26.

***Predominance.*** Individual issues predominate for nearly every MMPA element. Pet. 20–22, 27. Plaintiff fails to rebut that false advertising claims often do not survive Rule 23(b)(3)'s "rigorous analysis." *Hudock*, 12 F.4th at 777; *St. Jude*, 522 F.3d at 840.

***Knowledge.*** Plaintiff must show that the class could demonstrate that Sig Sauer knew of the purported defective features with common

Appellate Case: 25-8006     Page: 23     Date Filed: 08/27/2025 Entry ID: 5552167

proof across eight years—he did not. Pet. 27. Plaintiff must show knowledge of the *precise defect* at issue. *Tucker*, 58 F.4th at 397–98. Sig Sauer's first notice of this theoretical "defect" came at class certification. Dkt. 188-1 at 4. Plaintiff asserts the FMECA and personal injury lawsuits imputed knowledge. Resp. 26–27. Not so. The court improperly held that a *category-wide* product risk gave notice of the precise defect asserted here. Order 12–13.

A small number of lawsuits cannot show knowledge because they were untethered from Plaintiff's theory; many claimed the pistol "w[as] discharging without a trigger pull" and involved user error. Dkt. 188-7 ¶25. When Plaintiff purchased in March 2020, Sig Sauer had received only 25 inadvertent-discharge reports—compared to 2.4 million pistols sold by April 2022. Dkts. 188-10, Ex. 1; 188-7 ¶24.

**Ascertainability.** The class is not ascertainable because individualized authentication is required after publication notice. Pet. 28–29. Contrary to Plaintiff's assertion, the Order never analyzed "ascertainability." That was error. *McKeage v. TMBC, LLC*, 847 F.3d 992, 998 (8th Cir. 2017) (requiring "independent discussion" of ascertainability).

13

Plaintiff's attempt to use his purported class-notice expert to prove ascertainability fails. *See* Resp. 28–29; *In Re Zetia (Ezetimibe) Antitr. Litig.*, 2022 WL 3337794, at *4 (E.D. Va. Feb. 9, 2022). The notice plan overbroadly seeks through social media people who purchased a P320. Just because a person is located *does not mean* they are a class member who must have purchased a P320 in Missouri during a specific timeframe, for personal use, without re-selling it. *See* Order 2. That verification requires individualized review. *See Donaca v. Dish Network, LLC*, 303 F.R.D. 390, 397 (D. Colo. 2014) ("individual investigation" after notice prevents ascertainability).

## CONCLUSION

This Court should grant review under Rule 23(f).


Dated: August 27, 2025                    */s/ Colleen Michelle Gulliver*
                                          Colleen Michelle Gulliver
                                          **DLA PIPER LLP (US)**
                                          1251 Avenue of the Americas
                                          New York, NY 10020
                                          Tel: 212-335-4500
                                          colleen.gulliver@us.dlapiper.com

14

Cara Rose
**FRANKE SCHULTZ &
MULLEN, P.C.**
1919 E. Battlefield, Suite B
Springfield, Missouri 65804
Tel: 417-863-0040
crose@fsmlawfirm.com

Robert L. Joyce
B. Keith Gibson
**LITTLETON JOYCE
UGHETTA & KELLY LLP**
4 Manhattanville Road
Suite 202
Purchase, NY 10577
Tel: 914-417-3400
robert.joyce@littletonjoyce.com
keith.gibson@littletonjoyce.com

*Counsel for Defendant-Petitioner
Sig Sauer, Inc.*

15

# CERTIFICATION OF COMPLIANCE

I, Colleen Michelle Gulliver, certify:

**Word Count.** This reply brief complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(C) because, excluding the portions exempted by Rule 32(f), it contains 2,599 words.

**Typeface.** The brief reply complies with the typeface and type-style requirements of Federal Rules 32(a)(5)(A) and (6) because it has been prepared using Microsoft Word in 14-point, Century Schoolbook font.

Dated: August 27, 2025

*/s/ Colleen Michelle Gulliver*
Colleen Michelle Gulliver

*Counsel for Defendant-Petitioner
Sig Sauer, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2025, I electronically filed this reply brief with the Clerk of Court for the U.S. Court of Appeals for the Eighth Circuit using the Court's ECF system. I further certify that I served the brief on August 27, 2025, via email on the following counsel for Plaintiff-Respondent:

Michael A. Williams
Matthew L. Dameron
Clinton J. Mann
**Williams Dirks Dameron LLC**
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
816-945-7110
mwilliams@williamsdirks.com
matt@williamsdirks.com
cmann@willliamsdirks.com

Todd C. Werts
**Lear Werts LLP**
103 Ripley Street
Columbia, Missouri 65201
573-875-1991
werts@learwerts.com

*Counsel for Plaintiff Joshua Glasscock*
*and the Certified Class*

Dated: August 27, 2025

*/s/ Colleen Michelle Gulliver*
Colleen Michelle Gulliver

*Counsel for Defendant-Petitioner*
*Sig Sauer, Inc.*